# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WACHOVIA SECURITIES, LLC and EUGENE P. INGARGIOLA,<br><br>                              Respondents,<br><br>        vs.<br><br>WILLIAM R. HOLLAND and MICHAEL W. HOLLAND,<br><br>                              Petitioners. | CASE NO. 08cv1994 JM(RBB)<br><br>ORDER GRANTING MOTION TO REMAND |

The court summarily remands this action for several reasons. First, the Notice of Removal, filed on October 8, 2008 by Petitioners William and Michael Holland, alleges federal question jurisdiction and purports to remove a petition for the confirmation of an award by an arbitration panel of the Financial Industry Regulatory Authority Dispute Resolution. "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the Untied States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. §1441(b). Whether a claim "arises under" federal law for removal purposes is determined by the well-pleaded complaint rule. See Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998). A case "arises under" federal law within the meaning of 28 U.S.C. §1331 when federal law either (1) creates the cause of action or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. See Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983). Petitioners, as the parties who invoke federal removal jurisdiction, have the burden of demonstrating the existence of federal jurisdiction. See Gaus

1 v. Miles, Inc. 980 F.2d 564, 566 (9th Cir. 1992); B., Inc. v. Miller Brewing Co., 663 F.2d 545 (5th Cir.
2 1981). Any doubts regarding removal jurisdiction are construed against removal and in favor of
3 remanding the case to state court. See Gaus, 980 F.2d at 566. Here, Respondents brought the motion
4 to confirm an arbitrator's award in state court pursuant to California Code of Civil Procedure §1285
5 et seq. As there is no federal question presented by the motion to confirm the arbitration award
6 pursuant to state law, the court lacks original jurisdiction to entertain the action.

7 Second, Petitioners commenced this action in state court and cannot remove their own action
8 to federal court. See Progressive West Ins. Co. v. Preciado, 479 F.3d 1014, 1017 (9th Cir. 2007). It
9 is well-established that a plaintiff cannot remove his own case to federal court even where there exits
10 a federal counterclaim. Id.

11 Third, this action appears to have been improvidently removed by counsel who is not the
12 attorney of record in the Superior Court action. Wells Fargo & Co. v. City and County of San
13 Francisco, 25 Cal.2d 37 (1944) ("it is settled that the attorney of record has the exclusive right to
14 appear in court for his client and to control the court proceedings, so that neither the party himself .
15 . . nor another attorney can be recognized by the court in the conduct or disposition of the case").

16 Fourth, in their opposition to Respondents motion to remand, Petitioners do not oppose
17 remanding the action.

18 In sum, for the above stated reasons, the court remands this action to state court. The Clerk
19 of Court is instructed to close the file.

20 **IT IS SO ORDERED.**

21 DATED: November 5, 2008

22 _____
23 Hon. Jeffrey T. Miller
United States District Judge

24 cc:        All parties